## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| GUIDEONE ELITE INSURANCE COMPANY as subrogee of MOUNT CARMEL SENIOR LIVING-ST. CHARLES, LLC<br>1111 Ashworth Road<br>West Des Moines, Iowa 50265 | : : : : : : : | Civil Action No. 4:20-cv-00487 |
| Plaintiff, | : : | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| vs. | : : | |
| PROFESSIONAL RESTORATION SERVICES LLC<br>7120 Valley Drive<br>Barnhart, Missouri 63012 | : : : : : | |
| Defendant. | : | |

Plaintiff, GuideOne Elite Insurance Company as subrogee of Mount Carmel Senior Living-St. Charles, LLC (hereinafter "Plaintiff"), by and through its undersigned attorneys, hereby brings this Complaint against Defendant, Professional Restoration Services LLC, and alleges as follows:

### THE PARTIES

1. Plaintiff, GuideOne Elite Insurance Company (hereinafter "GuideOne"), is a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business located at 1111 Ashworth Road, West Des Moines, Iowa 50265 and at all times relevant hereto was in the business of issuing property insurance policies.

2. At all times relevant hereto, GuideOne was duly authorized to transact business and issue policies of insurance in the State of Missouri.

3. Defendant, Professional Restoration Services LLC (hereinafter "Professional Restoration") is a limited liability company organized and existing under the laws of the State of

Missouri with its principal place of business located at 7120 Valley Drive, Barnhart, Missouri 63012.

4. At all relevant times hereto, Professional Restoration Services LLC owned a SERVPRO franchise that does business under the fictitious name SERVPRO of Festus/Hillsboro (hereinafter "SERVPRO"). SERVPRO's principal place of business is located at 7120 Valley Drive, Barnhart, Missouri 63012.

## JURISDICTION

5. Plaintiff, GuideOne, is a citizen of the State of Iowa. Defendant, Professional Restoration, is a citizen of the State of Missouri. As such, diversity exists between Plaintiff and Defendant.

6. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

8. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Eastern District of Missouri because it is the judicial district within which a substantial part of the events giving rise to Plaintiff's claim occurred, which is 723 First Capitol Drive, Saint Charles, Missouri 63301.

## BACKGROUND

9. At all times relevant hereto, Plaintiff's insured, Mount Carmel Senior Living-St. Charles, LLC (hereinafter "Plaintiff's Insured" or "Mount Carmel"), owned a senior living

facility located at 723 First Capitol Drive, Saint Charles, Missouri 63301 (hereinafter "the Property").

10. At all times relevant hereto, Plaintiff issued a policy of insurance to Mount Carmel with such policy insuring the Property and insuring against other losses under policy number 1274-478 (hereinafter "the Policy").

11. Prior to March 24, 2017, Plaintiff's Insured retained Defendant to install tarpaulins on the slate roof of the Property.

12. Thereafter, on or about March 24, 2017, Defendant installed tarpaulins on the slate roof of the Property.

13. In order to secure the tarpaulins, Defendant negligently drove nails through the slate roof of the Property.

14. Defendant's installation of the tarpaulins created holes and cracks in the slate roof of the Property and damaged said roof beyond repair requiring an entire roof replacement.

15. The damage to the slate roof of the Property was caused by Defendant's negligent installation of tarpaulins on said roof.

16. As a direct and proximate result of Defendant's negligence, Plaintiff's Insured sustained damages to the Property and sustained other losses in an amount in excess of $75,000.00.

17. In accordance with the terms and conditions of the Policy, GuideOne has made payments to or on behalf of its insured for the damage incurred to the Property and other losses in an amount in excess of $75,000.00.

18. By virtue of the payments made to or on behalf of its insured, and pursuant to the terms and conditions of the Policy, Plaintiff GuideOne is legally, equitably and contractually subrogated to the rights of its insured to the extent of those payments.

## COUNT I-NEGLIGENCE
### Plaintiff v. Professional Restoration

19. Plaintiff hereby incorporates paragraphs 1 through 18 of this Complaint as though fully set forth herein at length.

20. Defendant owed a duty to Plaintiff's Insured to perform its work, including, but not limited to, installing tarpaulins on the slate roof of the Property, in a safe and workmanlike manner, with reasonable and appropriate care and skill, so as not to create a foreseeable risk of harm to persons or property.

21. The damages sustained to the Property on or about March 24, 2017 were caused by the negligence, carelessness, recklessness and/or negligent acts and/or omissions of Defendant acting by and through its agents, servants, workmen, and/or employees, acting within the scope and course of their employment, both generally and specifically, by:

   a. Failing to exercise reasonable knowledge, care and skill in the installation of the tarpaulins on the slate roof of the Property;

   b. Failing to properly supervise employees, agents, and/or workmen in connection with the installation of tarpaulins on the slate roof of the Property;

   c. Utilizing employees, agents, servants, workmen, contractors and/or subcontractors which Defendant knew, or in the exercise of reasonable care, should have known, were not properly trained, qualified and/or certified for the work performed at the Property;

    d. Failing to properly install and/or secure the tarpaulins on the slate roof of the Property;

    e. Failing to ensure that the tarpaulins were properly installed and/or secured on the slate roof the Property;

    f. Failing to comply with all local, state, and federal rules, ordinances, regulations and codes and industry standards and codes regarding the proper installation of tarpaulins on the slate roof of the Property;

    g. Failing to install the tarpaulins on the slate roof of the Property in a careful and workmanlike manner;

    h. Negligently driving nails through the slate roof of the Property in order to secure the tarpaulins;

    i. Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which Defendant knew or in the exercise of reasonable care, should have known;

    j. Failing to otherwise take necessary and reasonable precautions in order to safeguard the Property;

    k. Otherwise failing to use due care, as to be disclosed during the course of discovery.

22. The damages as averred above occurred as a direct and proximate result of Defendant's careless and negligent conduct, acts and/or omissions.

23. As a direct and proximate result Defendant's negligence, Plaintiff's Insured sustained substantial damages to the Property and certain other losses in an amount in excess of $75,000.00.

24.     As a result of the Defendant's negligence and resultant damages, and pursuant to the terms and conditions of the Policy, Plaintiff GuideOne made payments to and/or on behalf of its insured in an amount in excess of $75,000.00.

25.     By virtue of the payments made to or on behalf of its insured, and pursuant to the terms and conditions of the Policy, Plaintiff GuideOne is legally, equitably and contractually subrogated to the rights of its insured to the extent of those payments.

**WHEREFORE**, Plaintiff, GuideOne Elite Insurance Company as subrogee of Mount Carmel Senior Living-St. Charles, LLC, demands judgment in its favor and against Defendant, Professional Restoration Services, LLC, in an amount in excess of $75,000.00, together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT II-BREACH OF CONTRACT**
**Plaintiff v. Professional Restoration**

26.     Plaintiff hereby incorporates paragraphs 1 through 25 of this Complaint as though fully set forth herein at length.

27.     Defendant expressly and/or impliedly agreed to perform all work at the Property in a good and workmanlike manner and in accordance with all applicable local, state and federal laws, rules, regulations and codes and industry standards and codes.

28.     Based upon Defendant's representations, Plaintiff's Insured entered into a contractual agreement with Defendant to perform certain work at the Property, including, but not limited to, the installation of tarpaulins on the slate roof of the Property, in a good and workmanlike manner.

29.     At all times relevant hereto, Plaintiff's Insured preformed all of its obligations and conditions precedent to its agreement with Defendant.

30. Defendant breached the contract and its implied warranty of workmanlike performance by, *inter alia*:

   a. Failing to exercise reasonable knowledge, care and skill in the installation of the tarpaulins on the slate roof of the Property;

   b. Failing to properly supervise employees, agents, and/or workmen in connection with the installation of tarpaulins on the slate roof of the Property;

   c. Utilizing employees, agents, servants, workmen, contractors and/or subcontractors which Defendant knew, or in the exercise of reasonable care, should have known, were not properly trained, qualified and/or certified for the work performed at the Property;

   d. Failing to properly install and/or secure the tarpaulins on the slate roof of the Property;

   e. Failing to ensure that the tarpaulins were properly installed and/or secured on the slate roof the Property;

   f. Failing to comply with all local, state, and federal rules, ordinances, regulations and codes and industry standards and codes regarding the proper installation of tarpaulins on the slate roof of the Property;

   g. Failing to install the tarpaulins on the slate roof of the Property in a careful and workmanlike manner;

   h. Negligently driving nails through the slate roof of the Property in order to secure the tarpaulins;

    i. Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which Defendant knew or in the exercise of reasonable care, should have known;

    j. Failing to otherwise take necessary and reasonable precautions in order to safeguard the Property; and

    k. Otherwise failing to use due care, as to be disclosed during the course of discovery.

31. The damages as averred above occurred as a direct and proximate result of Defendant's breach of contract and implied warranties.

32. As a direct and proximate result of Defendant's negligence, Plaintiff's Insured sustained damages to the Property and certain other losses in an amount in excess of $75,000.00.

33. As a result of Defendant's negligence, Plaintiff GuideOne has made payments to and/or on behalf of its insured in an amount in excess of $75,000.00, in accordance with the terms and conditions of the Policy.

34. By virtue of the payments made to or on behalf of its insured, and pursuant to the terms and conditions of the Policy, Plaintiff GuideOne is legally, equitably and contractually subrogated to the rights of its insured to the extent of those payments.

**WHEREFORE**, Plaintiff, GuideOne Elite Insurance Company as subrogee of Mount Carmel Senior Living-St. Charles, LLC, demands judgment in its favor and against Defendant, Professional Restoration Services LLC, in an amount in excess of $75,000.00, together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff, GuideOne Elite Insurance Company as subrogee of Mount Carmel Senior Living-St. Charles, LLC, hereby demands Trial by Jury.

                              GABRIS LAW, LLC

BY:    /s/ Daniel P. Gabris
           Daniel P. Gabris, #66717
           2333 Grissom Dr., Ste. 107
           St. Louis, MO 63146
           314.624.1005
           314.272.3070 (facsimile)
           DG@GabrisLaw.com

Attorney for Plaintiffs